NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES BIRDSALL,<br><br>*Plaintiff*,<br><br>v.<br><br>DANIEL RIVERA, CARA A. RIVERA, A/K/A CARA A. GUCCIARDO, MATTHEW RIVERA, ROBBINS LANE PROPERTIES INC., MATT RIVERA ENTERPRISES, DANIEL RIVERA, INC., JOHN DOES 1-10, and JANE DOES 1-10,<br><br>*Defendants*. | Civil Action No. 16-4796<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff James Birdsall's ("Plaintiff") motion for default judgment against Defendants Daniel Rivera; Cara A. Rivera, a/k/a Cara. A. Gucciardo; Daniel Rivera, Inc.; Matthew Rivera; Robbins Lane Properties, Inc.; and Matthew Rivera Enterprises ("Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 12. For the reasons set forth herein, the motion is **GRANTED** in part and **DENIED** in part.

**I. BACKGROUND**

Plaintiff James Birdsall is an individual residing in Piscataway, New Jersey. Am. Compl. ¶ 7, ECF No. 4. Defendant Daniel Rivera is an individual residing in New York. Id. at ¶ 8. Defendant Matthew Rivera is an individual residing in Pennsylvania. Id. at ¶ 9. Defendant Cara A. Rivera is an individual residing in New York. Id. at ¶ 10. Defendant Robbins Lane Properties, Inc., is a company incorporated in Pennsylvania with an address of 208 East Valley Mall, Suite 113, East Stroudsburg, Pennsylvania. Id. at ¶ 11. Defendant Matthew Rivera Enterprises ("MRE")

1

is a California Company with an address of 3653 Sabre Avenue, Clovis, California. Id. at ¶ 12. Defendant Daniel Rivera, Inc., is a New York corporation with offices at 3 Montauk Place, Suite A, Staten Island, New York. Id. at ¶ 13.

Plaintiff brings this action for fraud, civil conspiracy, conversion, unjust enrichment, securities fraud, violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, and violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c) and (d). Id. at ¶ 1. This action arises from an alleged Ponzi scheme operated and promoted by Defendants. Id. at ¶ 2. In February 2013, Daniel Rivera approached Plaintiff at a restaurant in Bridgewater, New Jersey. Id. at ¶ 16. Daniel Rivera, along with his wife, Cara Rivera, was giving a presentation that evening on investment products including investments into a Ponzi scheme that the Defendants later disclosed was Robbins Lane. Id. That same evening, Daniel Rivera offered Plaintiff a complimentary investment consultation. Id. at ¶¶ 16-17.

In May 2013, Plaintiff met Daniel Rivera for a complimentary investment consultation. Id. at ¶ 18. During Plaintiff's complimentary consultation, Daniel Rivera encouraged Plaintiff to purchase an annuity. Id. Plaintiff invested $50,000 in the annuity Daniel Rivera promoted. Id. Subsequently, Daniel Rivera advised Plaintiff to invest in an "investment" strategy called Robbins Lane, which he represented as a legitimate investment vehicle in Pennsylvania developing commercial and other real estate properties. Id. at ¶ 19. Daniel Rivera promised Plaintiff that Robbins Lane paid six percent interest to investors. Id. While Daniel Rivera provided a brochure, he did not provide an offering statement, investment materials, or any other substantive information or documentation regarding Robbins Lane. Id. at ¶ 20. Plaintiff alleges Robbins Lane was a Ponzi scheme that the Defendants concocted to induce potential investors, including

2

Plaintiff, into parting with their life savings. Id. at ¶ 21. Robbins Lane had no employees and no legitimate business operations. Id.

On or around November 15, 2013, upon the repeated insistence and reassurance of Daniel Rivera that Robbins Lane was a safe and lucrative investment, Plaintiff invested $100,000 with Robbins Lane. Birdsall Decl. at ¶ 2, ECF No. 12-2. A week later, on or around November 22, 2013, again following Daniel Rivera's advice, Plaintiff liquidated his stocks and mutual funds – totaling approximately $180,000. Id. at ¶ 3. Of this amount, Plaintiff deposited $150,000 with Robbins Lane in 2013. Id. In February 2014, Defendants induced Plaintiff to invest yet another $50,000 with Robbins Lane. Id. at ¶ 4.

In May 2014, Plaintiff requested that Defendants return all of his money they purportedly invested in Robbins Lane. Am. Compl. ¶ 35. Defendants refused to do so, with Daniel Rivera stating to Plaintiff he would "piss away all the money," and that he, Matthew Rivera, and Robbins Lane "have a plan." Id. at ¶ 36. Defendants offered no valid justification for refusing to return Plaintiff's investment in Robbins Lane. Id. at 37. In actuality, Defendants were taking money from multiple over investors who were also led to believe they were participating in legitimate and profitable investments. Id. at ¶38.

In or around early June 2014, Plaintiff again demanded that Defendants return his money. Id. at ¶ 44. Daniel Rivera rebuffed Plaintiff's request and stated, "Don't worry, I have money in Robbins Lane, my mother has money in Robbins Lane; it's a sound investment." Id. Later in June 2014, Plaintiff again called Daniel Rivera and requested his investment be returned. Id. at ¶ 45. Daniel Rivera explained that it could take "as little as five days to five weeks to process the return." Id. at ¶ 45. Despite Plaintiff's demands, he received only $10,000 of his principal back from Robbins Lane. Id.

Over the next several months, Plaintiff repeatedly demanded the return of his money without success. Id. at ¶ 57. Daniel Rivera, at various times, represented that he was working on returning Plaintiff's money. Id. at ¶ 58. However, despite these representations, Plaintiff has only received back $68,000 in principal of the $200,000 he deposited with Robbins Lane. Birdsall Decl. at ¶ 6. Plaintiff is still owed $132,000 in principal and $5,541 in accrued, unpaid interest from Robbins Lane, for a total outstanding amount of $137,541. Id. at ¶ 7.

On March 24, 2016, the Securities and Exchange Commission ("SEC") filed a complaint against Daniel Rivera, Matthew Rivera and Robbins Lane for engaging in a fraudulent Ponzi scheme and fleecing investors, including Plaintiff, of over $2.7 million ("SEC Action"). Am. Compl. ¶ 66. The SEC Action alleged, in part, that Defendants had misused investor funds, that Robbins Lane was used as a vehicle to defraud primarily elder investors, that the Robbins Lane brochures provided to investors contained numerous false statements relating to Robbins Lane's real estate portfolio, real estate development and sales, record of success, and ability to provide income, and that Daniel and Matthew Rivera concealed misuse of investor funds by submitting false tax returns. See SEC Compl., Ex. C, ECF No. 12-3. On March 28, 2016, Daniel Rivera, Matthew Rivera, and Robbins Lane, together with Daniel Rivera Inc., as a Relief Defendant, all consented to Final Judgment entered in the SEC Action against them, holding them liable for their fraudulent actions. See Ex. D, ECF No. 12-3. Each of the foregoing Defendants, as part of their consent, agreed to comply with the terms of 17 C.F.R. § 202.5(e), wherein each agreed to "not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis." Id. However, notwithstanding these terms, in or around June 2016, Daniel Rivera continued to represent to Plaintiff that the SEC "got it all wrong." Id. at ¶ 74.

The Complaint in this action was filed on August 5, 2016. Kublanovsky Decl. at ¶ 1, ECF No. 12-3. The Amended Complaint was subsequently filed on September 7, 2016. Id. Defendants Daniel Rivera, Cara Rivera a/k/a Cara A. Gucciardo, and Daniel Rivera, Inc. (the "Daniel Rivera Defendants") were served with the Summons, Complaint, and Amended Complaint on October 12, 2016. Id. at ¶ 2. Affidavits of service were filed on November 4, 2016. Id. at ¶ 3. Service of the Summons, Complaint, and Amended Complaint upon Defendants Matthew Rivera, Robbins Lane Properties, Inc., and MRE (the "Matthew Rivera Defendants") was completed on November 4, 2016. Id. at ¶ 4. Affidavits of service were filed on January 12, 2017. Id.

The Daniel Rivera Defendants had until November 2, 2016 to answer or otherwise respond to the Amended Complaint. Id. at ¶ 5. They failed to do so. Id. The Matthew Rivera Defendants had until November 25, 2016 to answer or otherwise respond to the Amended Complaint. Id. at ¶ 6. They failed to do so. Id. Accordingly, on January 20, 2017, the Clerk of the Court entered default against Defendants for failure to plead or otherwise defend this action. Id. at ¶ 9. Plaintiff seeks an award of compensatory damages, in the amount of $137,541, and treble damages, pursuant to 18 U.S.C. 1964(c), in the amount of $412,623, for a total damages award of $550,164. Pl's. Mem. at 12, ECF No. 12-1.

## II. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether

the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendants. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000. Am. Compl. ¶ 5. The Court has personal jurisdiction over Defendants, as they transact and have transacted business in this District on a continuous basis and have caused harm and injury within this District. Id. at ¶ 6. Service of the Summons and Complaint was made by personal service on the Daniel Rivera Defendants on October 12, 2016 and on the Matthew Rivera Defendants on November 4, 2016. Kublanovsky Decl. at ¶¶ 3-4; ECF No. 8, 10.

#### B. Liability

Plaintiff has pled common law fraud, civil conspiracy, conversion, unjust enrichment, securities fraud, violations of the New Jersey Consumer Fraud Act, and violations of the Racketeer

Influenced Corrupt Organization Act. Plaintiff seeks $137,541 in compensatory damages, and treble damages for RICO violations, pursuant to 18 U.S.C. 1964(c), in the amount of $412,623, for a total damages award of $550,164. Pl's. Mem. at 1, 12.

To state a claim for common law fraud, a plaintiff must plead sufficient facts to support the following elements: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge of belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting in damages." Gotthelf v. Toyota Motor Sales, U.S.A., Inc., 2012 WL 1574301, at *17 (D.N.J. May 3, 2012), aff'd, 525 F. App'x 94 (3d Cir. 2013). Here, Plaintiff alleges that Defendants knowingly made material misrepresentations regarding Robbins Lane, including its record of success and ability to provide income, with the intent that Plaintiff rely on those misrepresentation. Am. Compl. ¶ 76. Even after agreeing to a final judgment in the SEC Action, Defendant Daniel Rivera continued to make misrepresentations regarding the investment. Id. at ¶ 74. Given the myriad misrepresentations contained in the Amended Complaint and the SEC judgment in which Defendants were held liable for fraudulent conduct, Plaintiff has more than alleged the first three elements of common law fraud. Plaintiff has also alleged reasonable reliance and damages, as evidenced by the substantial, unreturned investment in Robbins Lane. Id. at 79. Therefore, Plaintiff's common law fraud claim is sound.

Because Plaintiff's fraud claim provides the full compensatory relief requested, the Court declines to consider Plaintiff's other causes of action seeking the same relief. However, Plaintiff also seeks treble damages pursuant to 18 U.S.C. § 1964(c) for Defendants' alleged RICO violations. Am. Compl. ¶¶ 112-116. In order to sufficiently plead a RICO violation, Plaintiff must allege a "pattern of racketeering activity." 18 U.S.C. § 1962(c). Proving a "pattern of racketeering

7

activity" requires proof of two predicate racketeering acts, as defined in 18 U.S.C. § 1961. Even assuming the factual allegations are sufficient to demonstrate a pattern of racketeering activity, the RICO count would fail.

The Third Circuit has determined that the Private Securities Litigation Reform Act ("PSLRA"), Pub.L. No. 104–67, 109 Stat. 737 (1995), amended the RICO act to eliminate the possibility of using conduct actionable as securities fraud as an underlying predicate act to establish a RICO violation. Mathews v. Kidder, Peabody & Co., Inc., 161 F.3d 156, 157 (3d Cir.1998). Relying on this determination, the Third Circuit dismissed a RICO count brought against the alleged perpetrators of a Ponzi scheme because the conduct at issue was actionable as securities fraud. Bald Eagle Area Sch. Dist. v. Keystone Fin., Inc., 189 F.3d 321, 328 (3d Cir. 1999) ("Here, careful examination of the [plaintiff's] complaint discloses the District Court correctly concluded that the School Districts' Civil RICO Action is barred by [the PSLRA]. In the SEC's civil action against [defendants], the SEC has alleged that a massive Ponzi scheme was perpetrated through the purchase and sale of [Collateralized Investment Agreements] in violation of the securities laws including § 10(b) of the Securities Exchange Act of 1934, and SEC Rule 10b-5 and other provisions of the securities law. That same Ponzi scheme is at the heart of this RICO action.") (citations omitted).

The SEC Action here included allegations of violations of securities law stemming from Defendants' Ponzi scheme, and Plaintiff's Amended Complaint itself included a count for violation of § 10(b) of the Securities Exchange Act of 1934 by Daniel Rivera, Matthew Rivera, and Robbins Lane. See SEC Compl., Ex. C, ECF No. 12-3; Am. Compl. ¶¶ 94-98. Thus, even if Defendants' conduct involved at least two counts of mail or wire fraud or any other enumerated predicate acts of racketeering activity, that conduct was "undertaken in connection with the

8

purchase of a security" and "cannot support a civil RICO claim after enactment of the PSLRA." Bald Eagle, 189 F.3d at 330. Plaintiff's claim for treble damages pursuant to 18 U.S.C. § 1964(c) is denied.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Amended Complaint, Defendants do not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012). Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment, as it would have no other means of obtaining relief. Finally, the Court finds that Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiff requests $137,541 in compensatory damages, and treble damages, pursuant to 18 U.S.C. 1964(c), in the amount of $412,623, for a total damages award of $550,164. As discussed above, the claim for treble damages fails as a matter of law. In support of the claim for compensatory damages, Plaintiff submitted a Declaration and a personal financial ledger, Ex. D, ECF No. 12-3. These documents demonstrate that Plaintiff invested $200,000 in Robbins Lane based on Defendants fraudulent misrepresentations. Birdsall Decl. at ¶ 5, Ex. D. To date, Plaintiff

received only $68,000 in principal and is still owed $132,000 in principal and $5,541 in accrued, unpaid interest. Birdsall Decl. at ¶ 7, Ex. D. Thus, the outstanding amount is $137,541. Id.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff James Birdsall's motion for final judgment by default is **GRANTED** in part and **DENIED** in part. An appropriate order accompanies this opinion.

Dated: November 30, 2017.

                                              */s Madeline Cox Arleo*
                                              **MADELINE COX ARLEO**
                                              **United States District Judge**